

**ORDERED in the Southern District of Florida on July 20, 2010.**

                                                               _____
                                                                       **A. Jay Cristol, Judge
                                                                       United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 09-17600–BKC-AJC |
| GUILLERMO GUERRERO, | Chapter 7 |
|     Debtor<br>_____/ | |
| JUAN ALONSO, | |
|     Plaintiff, | |
| vs. | Adv. No. 10-1056-BKC-AJC-A |
| GUILLERMO GUERRERO, | |
|     Defendant.<br>_____/ | |

### ORDER DENYING PLAINTIFF JUAN ALONSO'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court for hearing on June 8, 2010 upon Plaintiff Juan

Alonso's Motion for Summary Judgment and Memorandum of Law, as to Adversarial

1

Proceeding [D.E. 27]. After reviewing the pleadings, the applicable portions of the State Court record attached to the Complaint, federal and Florida law, the Court believes that granting summary judgment in favor of the Plaintiff is inappropriate at this juncture. There are genuine issues of material fact remaining as to whether Plaintiff's State Court judgment against Defendant in Case No. 05-23450 CA 32 in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida is excepted from and not discharged by an order of discharge pursuant to 11 U.S.C. §523(a)(4).

Debtor Guillermo Guerrero ("Guerrero") filed for Chapter 13 relief on April 24, 2009 and later converted his case to Chapter 7 on July 9, 2009. Plaintiff Juan Alonso ("Alonso") commenced this adversary proceeding on January 19, 2010. On April 26, 2010, Plaintiff Alonso filed the Motion for Summary Judgment pursuant to 11 U.S.C. §523(a)(4).

This adversary proceeding seeks to except Alonso's claim against Guerrero from discharge under 11 U.S.C. §523(a)(4). The debt arises from a judgment pursuant to a jury verdict in favor of Alonso and against Guerrero in a state court lawsuit. The state court verdict found that Guerrero breached his fiduciary duty to Alonso by transferring to himself certain Lehigh Acres property from the parties' corporation, G & J Landscaping Corp. Specifically, the verdict states "Guillermo Guerrero breach[ed] his fiduciary duty to Juan Alonso by transferring from their corporation, G&J Landscaping Corp., to himself, the Lehigh Acres property." The jury awarded damages in the amount of $173,566.84, plus interest at the annual legal rate. The jury verdict was filed as Exhibit "A" to the original complaint commencing this adversary proceeding.

By his Complaint, Plaintiff seeks a judgment of non-dischargeability based upon the application of collateral estoppel. However, "while collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, the ultimate issue of

2

dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." McDowell v. Stein, 415 B.R. 584, 591 (S.D. Fla. 2009) (citing St. Laurent v. Ambrose, 991 F.2d 672, 676 (11th Cir. Fla. 1993)).

In Florida, the requirements for collateral estoppel are: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. Ambrose, 991 F.2d at 676. This Court believes that the requirements for collateral estoppel have not been met in this case and genuine issues of material fact remain which prevent this Court from determining dischargeability at this time.

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Plaintiff's summary judgment motion alleges that the judgment and verdict from the state court litigation establish a debt for fraud or defalcation while acting in a fiduciary capacity. The Defendant asserts he was not acting within a fiduciary capacity when the subject transfer was made. The threshold issue is therefore whether the Debtor was "acting in a fiduciary capacity" when he transferred the Lehigh Acres property from the corporation to himself. Clearly, he was acting in a fiduciary capacity to the corporation when, as an officer of the corporation, he transferred corporate assets to himself, but as a matter of law, was he acting in a fiduciary capacity to Alonso, a stockholder of the corporation? The Court thinks he was not.

The existence of a fiduciary capacity under 11 U.S.C. §523(a)(4) is determined by federal law, but state law is relevant to the inquiry. Federal law narrowly defines the concept of a

"fiduciary relationship" under section 523(a)(4) to include only relationships involving an express or technical trust. Quaif v. Johnson, 4 F.3d 950, 953 (11th Cir.1993); In re Regan, 477 F.3d 1209, 1211 (10th Cir. 2007). Under applicable federal principles, an express or technical trust must be present for a fiduciary relationship to exist under 11 U.S.C. §523(a)(4). McDowell, 415 B.R. at 594 (citing Regan, 477 F.3d at 1211). In contrast, implied, resulting, and constructive trusts do not fall within the ambit of 11 U.S.C. §523(a)(4). Quaif, 4 F.3d at 953. The technical or express trust requirement is not limited to formal contractual trust agreements, but can include relationships in which trust type obligations are imposed pursuant to statute, or potentially by common law. In re Talmo, 175 B.R. 775, 777 (Bankr. S.D. Fla. 1994) (citing Quaif, 4 F.3d at 954); In re Hayes, 183 F.3d 162, 168-70 (2d Cir. 1999); Matter of Bennett, 989 F.2d 779, 784-85 (5th Cir. 1993).

While the fact that a relationship is fiduciary under state law does not necessarily mean that it is a fiduciary relationship within the meaning of 11 U.S.C. §523(a)(4); if state law imposes the duties of a trustee on a party, then the party is a fiduciary for purposes of section 523(a)(4). Quaif, 4 F.3d at 953-54; see also Regan, 477 F.3d at 1211; In re Gupta, 394 F.3d 347, 349-50 (5th Cir. 2004); In re Cantrell, 329 F.3d 1119, 1125-26 (9th Cir. 2003). Although the definition of fiduciary is governed by federal law, courts rely in part on state law to ascertain whether the requisite trust relationship exists. Accordingly, to qualify under 11 U.S.C. §523(a)(4), there must be an express or technical trust imposing trustee-like obligations upon Defendant.

The Plaintiff argues that the Debtor owed a "fiduciary duty" to the corporation and its creditors under Florida law. The Plaintiff is correct that the Debtor owed a "fiduciary duty" of good faith and fair dealing, to perform in the best interests of the corporation; but, that broad concept of "fiduciary duty" under state law is not equivalent to the narrower bankruptcy meaning

4

of "fiduciary capacity" for purposes of §523(a)(4).  Talmo, 175 B.R. at 778.

> In order for statutory or common law to establish "fiduciary capacity," the law must create an express or technical trust relations.  *Quaif*, 4 F.3d at 954-55.  While Florida statutes and caselaw may impose on officers and directors general obligations of good faith and fair dealing that can be described as "fiduciary duties," this does not mean that an officer or director acts in an express or technical "fiduciary capacity" – as a trustee – of corporate assets.

The duty imposed by Fla. Stat. §607.0830 on corporate directors is to act in good faith, with due care, and in the best interests of the corporation. Breach of this fiduciary duty is insufficient to establish a claim under 11 U.S.C. §523(a)(4). "Trust-type" obligations sufficient to trigger section 523(a)(4) require some sort of entrustment of funds to be held for the benefit of another, even if there is no express agreement or contract. See Talmo, 175 B.R. at 778.  As noted by the court in Talmo, former Fla. Stat. 607.301 (repealed in 1989) expressly provided, as to dissolved corporations, that "directors of the corporation at the time of its dissolution shall thereafter be and constitute a board of trustees for any property owned or acquired by the dissolved corporation, but Fla. Stat. 607.0830 does not, by its terms, create a such a trust relationship. Id.

It is unclear from the verdict just which fiduciary duty was breached by Defendant when he transferred the Lehigh Acres property to himself.  If it was the duty of good faith and fair dealing, then collateral estoppel does not apply as the issues in both proceedings are not the same.  Even if the transfer of the Lehigh Acres property was a breach of Debtor's statutory duty to act in good faith and in the best interests of the corporation, these facts are insufficient to establish a §523(a)(4) claim because, as an officer and director, Debtor was not acting in a "fiduciary capacity" when the transfer was made.  Absent a Florida statute establishing that corporate officers or directors are trustees over corporate assets, or some other agreement

5

between the parties establishing a trust-like relationship, there is no basis for a determination of nondischargeability under §523(a)(4) for fraud or defalcation while acting in a fiduciary capacity. Id.

Thus, from review of the verdict and other pertinent documents, genuine issues of material facts exist regarding whether Defendant breached a "fiduciary duty" of the kind necessary to establish non-dischargeability under 11 U.S.C. §523(a)(4). It appears the "fiduciary duty" that was referred to in the verdict was the duty of good faith and fair dealing. As discussed herein, breach of that fiduciary duty does not establish non-dischargeability under 11 U.S.C. §523(a)(4).

Notwithstanding the Court's ruling that, at this juncture, it is unable to apply collateral estoppel to the issue of non-dischargeability with the documents of record to date, the Plaintiff has reserved unto himself the opportunity to prove going forward that there was a trust-like relationship between the parties which the Debtor breached, or to prove that the Debtor's conduct, as described in the Complaint and the verdict, constitutes larceny or embezzlement. The Court feels compelled to state it finds that the verdict and judgment are quite telling.[1] For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Plaintiff Juan Alonso's Motion for Summary Judgment and Memorandum of Law, as to Adversarial Proceeding [D.E. 27] is **DENIED**.

# # #

Copies furnished to:

All parties of record in this adversary proceeding, by the Clerk of Court.

---

[1] Had Plaintiff sought non-dischargeability under §523(a)(6), summary judgment might have been appropriately entered at this stage in the proceedings. Section 523(a)(6) allows an exception to the dischargeability of a debt when the debtor willfully and maliciously injures another entity or the property of another entity. In In re Grossman, a case strikingly similar in facts to this case, the court determined a similar debt was dischargeable under 11 U.S.C. §523(a)(4), but held the debt was non-dischargeable under 11 U.S.C. §523(a)(6). 2007 Bankr. LEXIS 1844 (Bankr. M.D. Fla. 2007). Plaintiff having proceeded under 11 U.S.C. §523(a)(4), this Court makes no determination regarding §523(a)(6).

6